In re **MONROE WELL SERVICE, INC., etc.**

**LOUISIANA POWER & LIGHT COMPANY**

v.

**SSM (a Pennsylvania Partnership).**

Civ. A. No. 86–5670.

United States District Court, E.D. Pennsylvania.

Nov. 25, 1986.

See also, Bkrtcy., 67 B.R. 746.

Gilbert L. Hamberg, Monroe & Lemann, New Orleans, La., for Louisiana Power & Light Co.

Mark J. Packel, Gary Bressler, Adelman Lavine Krasny Gold & Levin, Philadelphia, Pa., for debtor.

## MEMORANDUM AND ORDER

FULLAM, Chief Judge.

Appeal from an order entered in a core proceeding in bankruptcy.

When the debtor filed for reorganization under Chapter 11 in April 1986, it owed Louisiana Power & Light Company approximately $175,000 for electricity previously furnished under some 101 separate accounts. Under 11 U.S.C. § 366(b), Louisiana Power & Light was and is entitled to terminate service unless the debtor provides "adequate assurance" that the post-petition bills will be paid. The parties were unable to reach agreement as to an appro-priate basis for continuation of service, but they did agree that, on a temporary basis while the negotiations were proceeding, the debtor would pay $24,000 per week in advance, and service would not be interrupted. Louisiana Power & Light then filed a petition in the Bankruptcy Court, seeking a determination of the appropriate level of "adequate assurance"; it was the position of the utility that the debtor should be required to make a cash deposit in excess of $288,000—an amount equal to double the amount of the highest monthly bill for service. The bankruptcy judge, on September 3, 1986, denied Louisiana Power & Light's petition, and determined that the pending temporary arrangement—$24,000 per-week payment in advance—constituted "adequate assurance" within the meaning of 11 U.S.C. § 366(b). Louisiana Power & Light has appealed.

■ I agree with the appellant that the bankruptcy judge's Order should be deemed final and appealable. On the merits, the bankruptcy judge's factual determinations are reviewable under the clearly erroneous standard, Bankruptcy Rule 8013. While the record contains no findings of fact as such, it is not difficult to discern the factual findings implicit in the Order appealed from: On the basis of the debtor's recent experience, it was and is unlikely that the utility's bills would exceed $24,000 per week. Since the debtor is required to pay that sum in advance (subject to adjustment upward if the usage should increase above that level) the bankruptcy judge cannot be faulted for determining that this constitutes "adequate assurance" of payment. Payment in cash in advance is generally regarded as rather excellent security.

■ Appellant argues that it is geared to read meters only on a monthly basis, and that, although the debtor's demand for electricity has been declining, it is possible that the debtor could sharply increase its usage, above the $24,000 per-week level, and that the utility would not learn of the

increase until substantial additional indebtedness had been run up, with little or no prospect of payment. The record before me does not disclose whether this argument was brought to the attention of the bankruptcy judge, or whether the suggested problem is a substantial one, or merely theoretical. The obvious solution, if a solution is needed, is to include in the order of the Bankruptcy Court a provision prohibiting the debtor from significant increases in its usage of electricity above current levels, except by leave of court and advance notice to the appellant.

With this modification, the Order appealed from will be affirmed.